CAROLINE NORRIS and others *vs.* THE EXECUTORS OF JOHN R. THOMSON and others.

1. To constitute a specific legacy, the thing bequeathed must be *specified* and *distinguished* from the rest of the testator's estate.

2. The *intention* of the testator must be expressed in reference to the thing bequeathed, or it must otherwise clearly appear from the will.

3. To guard against an ademption or extinguishment of the legacy, contrary to the intention of the testator, the general leaning of the court is against making the legacy specific.

4. A bequest of government securities, or of shares in public companies, or of bonds of corporations outstanding and circulating as well known securities at the date of the will, is not a specific bequest, unless there is a clear reference to the *corpus* of the fund.

5. A legacy may be rendered specific by the use of the term "*my*" stock, or the stock now "*in my possession,*" or "standing in my name," or "owned by me," or by any other form of expression which clearly indicates the purpose of the testator to give the *specific thing*, and not to designate the quantity or species of the thing bequeathed.

6. If, by the terms of the will, there be no such identification of the

Norris et al. *v.* Ex'rs of Thomson et al.

thing bequeathed the legacy is general, and if not found in the possession of the testator at his death, is tantamount to a direction to the executors to purchase such securities for the legatee.

7. The *mere possession* by the testator, at the date of his will, of a larger amount of stocks or bonds than are bequeathed, will not make the bequest *specific*, when it is given generally of stocks, or of stocks in particular funds without further explanation.

8. The nature of the legacy, whether general or specific, will be found always to depend upon the terms of the gift to the legatee, without reference to the circumstance, whether the estate was, or was not put in trust.

---

The bill in this cause was filed by consent to settle the construction of the will of John R. Thomson, deceased. The question was as to the character of certain legacies therein given; whether general or specific.

*Zabriskie,* for complainants.

*Bradley,* for defendants.

Cases cited by complainants counsel. *Alsop's appeal,* 9 *Barr* 374; *Blackstone* v. *Blackstone,* 3 *Watts* 335; *Foote* v. *Worthington,* 22 *Pick.* 299; *Ludlam's estate,* 1 *Parsons' Eq. R.* 116; 1 *Harris* 192; 2 *Williams on Ex'rs* (ed. 1859) 1045; *Ashburner* v. *Macguire,* 2 *Lead. Cases in Eq.* (3d Am. ed.) 482; *Jeffreys* v. *Jeffreys,* 3 *Atk.* 120; *White* v. *Winchester,* 6 *Pick.* 47; *Cuthbert* v. *Cuthbert,* 3 *Yeates* 486; *Hosking* v. *Nicholls,* 1 *Young & Coll.* 478; *Mullens* v. *Smith,* 2 *Drewry & Smale* 210; 2 *Williams on Ex'rs* 1283.

Cases cited by defendants counsel. *Ashburner* v. *Macguire,* 2 *Lead. Cases in Eq.* (3d Am. ed.) 482; *Coleman* v. *Coleman,* 2 *Vesey* 639, *note; Stout* v. *Hart,* 2 *Halst.* 422; 1 *Roper* 191, 192, *note* 1; 2 *Williams on Ex'rs* (5th ed.) 1043, 1045; 1 *Roper* 204, *note* 3; *Cuthbert* v. *Cuthbert,* 3 *Yeates,* 486; 1 *Roper* 205–213–214; 2 *Williams on Ex'rs* (5th ed.) 1047; *Tifft* v. *Porter,* 4 *Seld.* 516; *Sibley* v. *Perry,* 7 *Vesey* 529; *Robinson* v. *Addison,* 2 *Beav.* 515; *Mathis' Ex'r* v. *Mathis,* 3 *Harr.* 66.

THE CHANCELLOR. The bill is filed by the legatees of certain bonds and shares of stock under the will of John R. Thomson, deceased, to recover, as part of their respective legacies, the dividends, interest, and income accrued and accruing, on the respective bonds and shares of stock since the death of the testator. The sole issue made by the pleadings is, whether the legacies in question are specific or general. If specific, it is admitted that the complainants are entitled to the income from the death of the testator. 2 *Williams on Ex'rs,* (ed. 1849) 1221; 2 *Roper on Leg.* 1250.

The bequests are as follows; *viz.* "All the rest and residue of my real and personal estate, of whatsoever nature or kind, or wheresoever situate, I give, devise, and bequeath to John M. Reed, Charles Macalester, and Alexander H. Thomson, their heirs, executors, and administrators, in trust for the following uses and purposes:

"*First.* To give to my sister, Mrs. Caroline Norris, two hundred and fifty shares of the capital stock of the New York and Baltimore Transportation Line; to my sister, Adeline Thomson, two hundred and fifty shares of the capital stock of the said line; to my sister, Amelia Reed, wife of the Hon. John M. Reed, two hundred and fifty shares of the capital stock of the said line; to my nephew, Alexander Hamilton Thomson, one hundred and twenty-five shares of the capital stock of the said line; and to my niece, Elizabeth Norris, one hundred and twenty-five shares of the capital stock of the said line.

"*Secondly.* I give to my friends, John M. Reed, William H. Gatzmer, Richard Shippen, Dr. Phineas I. Horwitz, and Joseph P. Norris, the husband of my sister, Caroline Norris, five bonds of one thousand dollars each, of the Delaware and Raritan Canal Company and Camden and Amboy Railroad and Transportation Company, redeemable in 1889; one bond to each one of the above named legatees."

The admitted facts are that the testator, at the date of his will and at the time of his death, owned and possessed certain shares of the New York and Baltimore Transporta-

tion Line, exceeding in number the amount thereof so bequeathed by him ; and also certain bonds of the Delaware and Raritan Canal Company and Camden and Amboy Railroad and Transportation Company, redeemable in 1889, exceeding the number bequeathed as aforesaid ; and also sundry other of such joint bonds, redeemable in other years. At, and for a long time prior to, the making of the said will, there were outstanding and circulating, as well known securities in the stock market in Philadelphia and elsewhere, large amounts of the bonds of the said Delaware and Raritan Canal Company and Camden and Amboy Railroad and Transportation Company, which had been issued at different periods, and were payable respectively in different years, from 1863 to 1889, inclusive, all of which were the joint bonds of said companies. The testator was loan agent of the said joint companies for several years next prior to his death, having his office as such agent in Philadelphia, and often negotiated bonds of the said companies on their behalf. The will is dated on the twentieth of July, 1862. The testator died at Princeton, in this state, the place of his domicil, on the twelfth of September, in the same year.

The general principles which must control in the determination of this question, are familiar and well settled. The authorities are very numerous, and will be found collected in the elementary treatises to which reference is made.

To constitute a specific legacy, the thing bequeathed must be specified and distinguished from the rest of the testator's estate. *Purse* v. *Snaplin*, 1 *Atk.* 417 ; *Stephenson* v. *Dowson*, 3 *Beav.* 349.

The intention of the testator must be expressed in reference to the thing bequeathed, or it must otherwise clearly appear from the will. 1 *Roper on Leg.* 192, 204 ; 2 *Williams on Ex'rs* 995.

To guard against an ademption or extinguishment of the legacy, contrary to the intention of the testator, the general leaning of the court is against making the legacy specific.

T *

*Ex'rs of Cogdell* v. *Devisees of Testator*, 3 *Dess.* 373; *Foote, app't*, 22 *Pick.* 302.

In the application of these principles, it is a settled rule of construction that a bequest of government securities, or shares in public companies, is not a specific bequest, unless there is a clear reference to the *corpus* of the fund. 1 *Roper on Leg.* 214.

The same principle is clearly applicable to the bonds of corporations which, at the date of the will, were outstanding and circulating, as well known securities in the stock market.

To make a legacy of such stocks or securities specific, there must be something upon the face of the will to individuate them, and to distinguish them from all others of the same kind. Thus the legacy may be rendered specific by the use of term "*my*" stock, or the stock, or part of the stock, now "*in my possession*," or "standing in my name," or "owned by me," or by directing it to be sold and converted into money, or by any other form of expression which clearly indicates the purpose of the testator to give the specific thing, and not to designate the quantity or species of the thing bequeathed. 2 *Williams on Ex'rs* 997; 1 *Roper on Leg.* 204.

If by the terms of the will there be no such identification of the thing bequeathed, the legacy is general; and if not found in his possession at his death, is tantamount to a direction to the executors to purchase such securities for the legatee.

And the mere possession by the testator, at the date of his will, of a larger amount of stocks or bonds than are bequeathed, will not make the bequest specific, when it is given generally of stocks, or of stocks in particular funds, without further explanation. 1 *Roper on Leg.* 205; 2 *Williams on Ex'rs* 999.

In the various legacies to the complainants, the language used by the testator is of the most general character, merely sufficient to indicate the species of the thing bequathed There is nothing to indicate any purpose, much less a "clear"

intention " on the part of the testator, to bequeath the particular shares of stock or bonds held by him at the date of the will, or any other specific shares or bonds of the species designated. The legacy unquestionably by its terms is *general, not specific.*

The construction of the will is in no wise affected by the fact that the estate of the testator was given to trustees for the purposes of his will. This incident will be found in many of the reported cases, but it is never relied upon, or even adverted to, as of any significance upon the question of construction. The nature of the legacy, whether general or specific, will be found always to depend upon the terms of the gift to the legatee, without reference to the circumstance whether the estate was, or was not, put in trust.

But it is urged that the testator, by his will, gave to the trustees, with the *corpus* of his estate, the stocks and bonds in question, in trust to give shares and bonds of the designated species included in the trust fund, to the various legatees. And it is said that the case is analogous to that of a bequest of the testator's library, in trust to give Boydell's Shakspeare to A, and the Edinburgh Encyclopædia to B. The cases would be analogous if the testator had made a specific bequest of his bonds and stocks in trust to be distributed among his legatees. But the decisive answer to this view of the case is, that the bequest of the entire *corpus* of an estate, or residue of an estate, is never deemed a specific legacy of the whole, or of any portion, of the property included in the bequest.

There are two other clauses in the will, which are relied on as indicating an intention on the part of the testator to to make the legacies to the complainants specific.

By the first of these clauses, the testator directs that from the income of the residue of his estate, there shall be paid an annu l sum of $10,000 to his wife; and by the second, he further directs that if the income from his estate, after the payment of the bequests before made (including the bequests to the complainants), shall exceed the sum of $10,000 a year,

the surplus should be invested, &c. It is argued that these clauses do not include the income of the legacies in question, and if the income does not pass to the respective legatees, with the principal, then as to such income the testator died intestate. But if it be admitted that this is the strict literal import of the language used, yet it cannot I think be questioned, that using the term "residue" in its ordinary and natural sense, the language is equally appropriate, and would have been used by the testator, whether the previous legacies were general or specific. They are at the utmost of doubtful import, and cannot serve to indicate a " clear intention " on on the part of the testator to make the legacies specific.

If these legatees were now before the court claiming the payment of these legacies, and it should be made to appear that all the shares of stock, and all the bonds, of the kinds bequeathed, had been sold by the testator in his lifetime, I think it never could be held, under the terms of the will, that it was the intention of the testator that those legacies to his nearest relatives and chosen friends should be extinguished, and the favorite objects of his bounty deprived of all benefit under the will. And yet this must have been the result if these legacies are specific. The character and incidents of the gift are fixed by the terms of the bequest, and cannot depend upon the effects which may result, whether beneficial or prejudicial to the interests of the legatee.

The legacies to the complainants are not specific, and the legatees, consequently, are not entitled to the accrued and accruing dividends and income thereon.